IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANGELICA REYES BOYCE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. SA-13-CV-832-XR |
| | § | |
| CITIMORTGAGE, INC. | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Before the Court are Plaintiff's motions to remand (docket nos. 7 & 27), to which Defendant has responded (docket nos. 17 & 29) and Plaintiff has replied (docket nos. 20 & 32). The Court also considers Plaintiff's first, second, and third amended complaints (docket nos. 9, 16 & 22), and Plaintiff's motion to amend complaint (docket no. 33), which only requests leave for Plaintiff to file her third amended complaint.  Additionally, the Court considers Defendant's motion to strike Plaintiff's third amended complaint (docket no. 29), Plaintiff's response to Defendant's motion (docket no. 32), and Defendant's reply (docket no. 36).[1]  Finally the Court considers Lawrence Boyce's motion to intervene (docket no. 34), and Defendant's response thereto (docket no. 35).

### Factual and Procedural Background

On August 30, 2013, Plaintiff Angelica Reyes Boyce, acting *pro se*, filed suit in the 224th Judicial District Court of Bexar County, Texas.  According to her state-court petition, Ms. Boyce owns a homestead, located at 9710 Dawn Trail, San Antonio, Texas 78258 (the "Property").  Ms.

---

[1] Plaintiff's first, second, and third amended complaints have all been docketed even though the Court has never granted leave to file any of these complaints.  However, the fact that they were docketed does not mean that they were filed in compliance with the Federal Rules of Civil Procedure.

Boyce alleges that the Property is encumbered by a mortgage, which Defendant CitiMortgage, Inc. ("CitiMortgage") either holds or services for the true mortgage holder. Pet., Docket No. 1-1 ¶ 6.  According to Ms. Boyce, CitiMortgage allegedly noticed the Property for a foreclosure sale on August 6, 2013.[2] *Id.*  CitiMortgage's notice came despite Ms. Boyce having allegedly received a pending offer for a short sale of the Property, which Ms. Boyce allegedly submitted to CitiMortgage for approval. *Id.*  Ms. Boyce sought a complete accounting of her mortgage loan, a reasonable opportunity to satisfy or reinstate the mortgage, and injunctive relief, enjoining CitiMortgage from conducting a foreclosure sale.

On September 3, 2013, the state court granted Ms. Boyce a temporary restraining order, enjoining CitiMortgage from selling her home and setting a temporary injunction hearing for September 16, 2013.  Docket No. 1-1.  On September 12, 2013, CitiMortgage removed the action to this Court based on diversity jurisdiction. Docket No. 1.  On October 7, 2013, Andrew E. Toscano filed a notice of appearance, and moved, on behalf of Plaintiff, to remand the action back to state court. Docket Nos. 4 & 7.  On that date, Ms. Boyce also filed a first amended complaint. Docket No. 9.

Ms. Boyce's first amended complaint clarifies that the Property was sold at a foreclosure sale on August 6, 2013. *Id.* ¶ 12.  Ms. Boyce complains that the sale was improper because it was conducted while a short sale was pending and because Plaintiff was not provided with notice of the foreclosure sale. *Id.* ¶ 11–12.  Ms. Boyce sought to add as a defendant Deborah Martin, who was the substitute trustee who conducted the foreclosure sale. *Id* ¶ 3.  Ms. Martin is allegedly a citizen of the state of Texas. *Id.*   Ms. Boyce alleges causes of action against Ms. Martin and

---

[2] It is unclear from Ms. Boyce's state-court petition whether CitiMortgage actually conducted a foreclosure sale on August 6, 2013; however the parties now do not dispute that a foreclosure sale was conducted on that date. *See* Third Am. Compl. ¶ 18, Docket No. 22; Trustee's Deed, Docket No. 7, Ex. B.

CitiMortgage for negligence, intentional infliction of emotional distress, and violations of the Texas Deceptive Trade Practices Act. She also alleges causes of action solely against CitiMortgage for breach of contract and fraud. Finally, she seeks a declaratory judgment setting aside the foreclosure sale. Since the addition of Ms. Martin purportedly defeated complete diversity, Ms. Boyce moved to remand. Docket No. 7.

On October 11, 2013, four days after filing her first amended complaint, Ms. Boyce filed a second amended complaint. Docket No. 16. By her second amended complaint, Ms. Boyce sought to add her ex-husband, Lawrence Boyce, to the lawsuit. Mr. Boyce allegedly is a party to the mortgage, having signed the promissory note and deed of trust. *Id.* ¶ 10. The second amended complaint repeats the allegations against CitiMortgage and Ms. Martin regarding an allegedly unlawful foreclosure sale of the Property while a short sale of the Property was pending. The second amended complaint also clarifies that CitiMortgage only sent Ms. Boyce a notice of the scheduled foreclosure sale, and not also Mr. Boyce. *Id.* ¶ 12, 23. The Boyces repeat their claims for negligence, intentional infliction of emotional distress, violations of the Texas Deceptive Trade Practices Act, breach of contract, and fraud. They also request a declaratory judgment setting aside the foreclosure sale.

Three weeks later, on November 1, 2013, the Boyces filed a third amended complaint. Docket No. 22. By their third amended complaint, the Boyces sought to add CitiMortgage's foreclosure counsel, Buckley Mandole, P.C. ("Buckley"), as a defendant. Buckley is allegedly a Texas corporation. *Id.* ¶ 5. The third amended complaint repeats the allegations regarding foreclosure while a short sale was allegedly pending. The complaint also clarifies that by a letter dated March 22, 2013, CitiMortgage notified both Mr. and Ms. Boyce of their alleged default

and right to cure. *Id.* ¶ 24.  The complaint further states that, unlike the March 22, 2013 letter, which was addressed to both Mr. and Ms. Boyce, a letter dated July 11, 2013 sent by Buckley notified only Ms. Boyce of the mortgage acceleration and of the scheduled August 6, 2013 foreclosure sale. *Id.*  The Boyces allege claims against all three defendants for violations of the foreclosure sale requirements of the Texas Property Code, negligence, intentional infliction of emotional distress, violations of the Texas Deceptive Trade Practices Act, and violations of the Texas Debt Collection Act.  The Boyces also alleged breach of contract and fraud solely against CitiMortgage.  Finally, the Boyces request declaratory judgment to rescind the foreclosure sale.

On November 11, 2013, Mr. Boyce filed a motion to remand, alleging that complete diversity was destroyed by the addition of Ms. Martin and Buckley to the lawsuit. Docket No. 27.  CitiMortgage responded with a motion to strike the Boyces' third amended complaint, alleging that the amendment was filed untimely and did not state viable claims against the non-diverse defendants. Docket No. 29.  The Boyces responded that Mr. Boyce filed the third amended complaint as a matter of right. Docket No. 32 ¶ 17.  The Boyces also filed a motion for leave to amend their complaint. Docket No. 33.  Finally, Mr. Boyce filed a motion to intervene. Docket No. 34.  CitiMortgage responded that it was not opposed to Mr. Boyce's intervention. Docket No. 35.

## Discussion

Despite the complicated procedural history of this case, the relevant inquiry can be simplified to two questions: (1) whether the initial removal was proper; and (2) whether the Court will allow joinder of a non-diverse party to this lawsuit, thereby defeating the Court's jurisdiction.  The Court finds that removal was proper, that Ms. Martin should be joined as a

party to this lawsuit, and that because of her joinder, this Court lacks jurisdiction to hear this case.  The Court makes these determinations by considering and allowing Ms. Boyce's first amended complaint.  Since the Court must grant remand after allowing Ms. Martin's joinder, the Court will not consider whether to also allow the second and third amended complaints, Buckley's joinder, or Mr. Boyce's intervention.

**A. Whether Removal Was Proper**

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a).  Removal is proper in any case in which the federal court would have had original jurisdiction. *Id.*  To determine whether jurisdiction is present for removal, the Court considers the claims in the state court petition as they existed at the time of removal. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).  The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).  Any ambiguities are to be construed against removal, as the removal statute should be strictly construed in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

Under 28 U.S.C. § 1332, a federal court has jurisdiction over controversies involving disputes between citizens of different states where the amount in controversy exceeds $75,000.  Here, CitiMortgage originally removed this case based on diversity jurisdiction. Docket No. 1.  Ms. Boyce's state-court petition asserts that she is a resident of the State of Texas. Pet., Docket No. 1-1 ¶ 1.  CitiMortgage's notice of removal asserts that it is incorporated under the laws of New York, with its principal place of business in Missouri. Notice of Removal, Docket No. 1 ¶

5

11; *see* 28 U.S.C. § 1332(c)(1) (stating that a corporation is deemed a citizen of its state of incorporation and principal place of business). CitiMortgage also asserts that the amount in controversy exceeds $75,000. Notice of Removal, Docket No. 1 ¶ 12 (noting that the Bexar County, Texas Tax Appraisal District appraised the Property for $154,490); *see Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (stating that when a plaintiff sues for injunctive and declaratory relief to enjoin a foreclosure sale, the amount in controversy for diversity jurisdiction analysis is determined by the value of the mortgaged property). The Boyces do not dispute these jurisdictional facts. Accordingly, since the state-court petition only lists Ms. Boyce and CitiMortgage as parties, since it is undisputed that these parties are diverse, and since it is undisputed that the amount in controversy exceeds $75,000, the Court finds that this case was properly removed to this Court, and the Court has jurisdiction to decide this case. *See* 28 U.S.C. § 1332.

## B. Whether the Court Will Allow Joinder of a Non-Diverse Defendant

Nevertheless, a court's subject matter jurisdiction may be defeated by the addition of a non-diverse defendant. *See Doleac ex rel. Doleac v. Michalson*, 264 F.3d 470, 477 (5th Cir. 2001) (explaining that generally jurisdiction is determined at the time a suit is removed and post-removal developments to lower the amount in controversy or change the citizenship of a party will not divest jurisdiction; however, the addition of a non-diverse defendant will defeat jurisdiction). Since joinder of a non-diverse defendant has such a drastic consequence on jurisdiction, a court has discretion to permit or deny joinder. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the

State court.").   The Fifth Circuit has instructed district courts to exercise discretion when considering a proposed amendment adding a non-diverse defendant. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).   The district court should scrutinize the proposed amendment more closely than when considering an ordinary amendment under Federal Rule of Civil Procedure 15(a)(2), which requires a court to "freely give leave to amend when justice so requires." *Id.*; Fed. R. Civ. P. 15(a)(2).   When an amendment will defeat jurisdiction, the court must balance the defendant's right in "maintaining the federal forum with the competing interest of not having parallel lawsuits." *Hensgens*, 833 F.2d at 1182.   Among the factors a court should consider are: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factor bearing on the equities. *Id.*   If the court permits amendment, then it must remand to state court. *Id.*; *see also Priester v. JP Morgan Chase Bank, N.A.,* 708 F.3d 667, 679 (5th Cir. 2013) (noting that *Hensgens* is the "correct legal standard" to apply in determining whether joinder of non-diverse parties should be permitted after removal).

Confusing matters, however, is Federal Rule of Civil Procedure 15(a)(1)(B), which permits amendment "as a matter of course" within 21 days after a party is served with a motion under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B).   Here, Ms. Boyce was served with CitiMortgage's Rule 12(b)(6) motion to dismiss on October 3, 2013. Docket No. 3.   Four days later, Ms. Boyce filed her first amended complaint, adding Ms. Martin as a non-diverse defendant. Docket No. 9. If Rule 15(a)(1)(B) acted in isolation, Ms. Boyce would be allowed to file her first amended complaint without leave of this Court; however, Ms. Boyce's right to amend conflicts with this

Court's right to consider and deny amendments which add non-diverse defendants and defeat jurisdiction. *See* 28 U.S.C. § 1447(e); *Hensgens*, 833 F.2d at 1182.

The Fifth Circuit has not ruled on how to reconcile Rule 15(a)(1)(B) with 28 U.S.C. § 1447(e); however, it has determined that a court cannot conduct an improper joinder analysis after a defendant is added in federal court. *See Cobb v. Delta Exports*, 186 F.3d 675, 677 (5th Cir. 1999).[3]  In *Cobb*, the Fifth Circuit explained that the doctrine of improper joinder "does not apply to joinders that occur *after* an action is removed." *Id.*  The doctrine permits "courts to ignore (for jurisdictional purposes) only those non-diverse parties *on the record in state court at the time of removal.*" *Id.* (emphasis in the original). Thus, a court prohibited by *Cobb* from conducting an improper joinder analysis after removal, and prohibited by Rule 15(a)(1)(B) from using its discretion to allow or deny the addition of a non-diverse party, would have to remand if a plaintiff amended to add a non-diverse party within the Rule 15(a)(1)(B) window.  *See* 28 U.S.C. § 1447(e); *Cobb*, 186 F.3d at 677 (explaining that once a non-diverse defendant is added, a court's diversity jurisdiction is destroyed, and the court must remand).  This result, however, would significantly impair a diverse defendant's ability to litigate in a federal forum since a court could not prohibit remand even if the non-diverse defendant was added solely to defeat jurisdiction. *See Hensgens*, 833 F.2d at 1182 (stating that a diverse defendant has an interest in retaining a federal forum).  Therefore, to prohibit this unfair result and to maintain the Court's statutory discretion over party additions which would defeat jurisdiction, the court holds that 28 U.S.C. § 1447(e) allows the Court discretion to permit or deny joinder, even when a party may otherwise amend as a matter of course.  The Court's decision accords with those of its sister

---

[3] Although there is no substantive difference between the terms "improper joinder" and "fraudulent joinder," the Fifth Circuit has held that "improper joinder" is preferred. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc).

courts. *See Drew v. Rebuild Am., Inc.*, 1:13-CV-384-LG-JMR, 2013 WL 6179184 (S.D. Miss. Nov. 25, 2013) ("Where the addition of a party will destroy the court's jurisdiction and prejudice the other party, the general rule prevails that leave of court is necessary.") (citing 6 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil, § 1477, at 562 (2d ed.1990)); *Adey/Vandling, Ltd. v. Am. First Ins. Co.*, A-11-CV-1007-LY, 2012 WL 534838 (W.D. Tex. Feb. 17, 2012) ("[F]ederal courts have concluded that when the amendment would deprive the court of subject matter jurisdiction, a party may not rely on Rule 15(a) to amend a pleading without leave of court and such an amendment must be analyzed pursuant to § 1447(e)."); *Mackey v. J.P. Morgan Chase Bank, N.A.*, 786 F. Supp. 2d 1338, 1340 (E.D. Mich. 2011) ("[C]ourts generally have insisted that a plaintiff must satisfy the standards of § 1447(e) in order to join a non-diverse defendant following removal, rather than achieving this result through the liberal amendment provisions of Rule 15(a)."); *Ascension Enterprises, Inc. v. Allied Signal, Inc.*, 969 F. Supp. 359, 360 (M.D. La. 1997) (noting that "§ 1447(e) trumps Rule 15(a)"); *Whitworth v. TNT Bestway Transp.*, 914 F. Supp. 1434, 1435 (E.D. Tex 1996) ("When an amendment will destroy diversity, leave of court is required even though the existing defendant . . . ha[s] not yet filed responsive pleadings.").

Unfortunately, at the time the first amendment was offered, Ms. Boyce did not seek leave to file the amended complaint, nor did CitiMortgage move to strike the complaint from the docket. Instead, the parties assumed Ms. Martin was joined as a matter of course and incorrectly argued over whether she was improperly joined. *See* Mot. to Remand, Docket No. 7 at 5 ("Plaintiff's joinder of Deborah Martin, a nondiverse Defendant, is not fraudulent joinder."); CitiMortgage's Resp., Docket No. 17 at 3 ("[Ms. Martin] was improperly joined, and her

citizenship should be disregarded for purposes of diversity.").  Nevertheless, the Court will now conduct a *Hensgens* analysis to determine whether to allow the first amended complaint and the addition of Ms. Martin as a non-diverse defendant.  Ms. Boyce and CitiMortgage have presented numerous motions, responses, and replies concerning whether Ms. Martin is a proper party. *See e.g.* Mot. to Remand, Docket No. 7; Resp. to Mot. to Remand, Docket No. 17; Second Mot. to Remand, Docket No. 27; Mot. to Strike Third Am. Compl., Docket No. 29; Resp. to Mot. to Strike, Docket No. 32.  Moreover, Ms. Boyce and CitiMortgage explicitly considered the *Hensgens* factors when arguing for and against leave to file the third amended complaint. *See* Mot. to Strike, Docket No. 29 at 4; Resp. to Mot. to Strike, Docket No. 32 at 4.  Therefore, through these briefings, the Court is presented with all the relevant facts and arguments needed to determine whether to allow the first amended complaint and the addition of Ms. Martin as a non-diverse defendant.

### 1. The Extent to which the Purpose of the Amendment Is to Defeat Federal Jurisdiction

The first *Hensgens* factor a court must consider before allowing an amendment which adds a non-diverse defendant is the extent to which the purpose of the amendment is to defeat federal jurisdiction. *Hensgens*, 833 F.2d at 1182.  Bearing on this factor is whether the proposed amendment asserts a valid cause of action against the non-diverse defendant. *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 (5th Cir. 1991) (approving a trial court's discretion to add a non-diverse defendant after the court found that the principal purpose of the amendment was not to defeat jurisdiction since the amendment stated a valid claim against the non-diverse defendant); *Mallery v. Becker*, 13-CV-2790, 2014 WL 60327, at *4 (W.D. La. Jan. 7, 2014)

10

(allowing an amendment where a plaintiff asserted valid claims against a non-diverse defendant). Courts have also considered whether the plaintiff knew or should have known the identity of the non-diverse defendant when the state court petition was filed. *See e.g. Rouf v. Cricket Communications, Inc.*, CIV.A. H-13-2778, 2013 WL 6079255, at *2 (S.D. Tex. Nov. 19, 2013) (denying amendment after finding that plaintiffs knew about the proposed non-diverse defendants when suit was filed). Additionally, if a plaintiff moves to amend shortly after removal, some courts have viewed that as evidence of a primary purpose to defeat jurisdiction. *See e.g. Gallegos v. Safeco Ins. Co. of Indiana*, CIV.A. H-09-2777, 2009 WL 4730570, at *4 (S.D. Tex. Dec. 7, 2009) (finding that a plaintiff's filing of a motion for leave to amend and a motion for remand less than a month after removal evidenced the amendment's principal purpose of defeating jurisdiction). Other courts have found that if a plaintiff had not filed a motion for remand before moving to amend, the court could reasonably conclude that the primary reason to amend was not to defeat jurisdiction. *See Tujague v. Atmos Energy Corp.*, CIV.A. 05-2733, 2008 WL 489556, at *4 (E.D. La. Feb. 20, 2008) (finding that plaintiff moved to amend to assert a valid claim about which he was unaware at the time suit was filed).

Here, Ms. Boyce asserts that she sought to amend "to include all parties and claims for which [she is] entitled." Resp. to Mot. to Strike, Docket No. 32 at 4 (discussing the third amended complaint). The record supports this statement. On August 30, 2013, Ms. Boyce filed her suit *pro se*, alleging that CitiMortgage sold the Property while a short sale was pending. Pet., Docket No. 1-1 ¶ 6. On September 12, 2013, CitiMortgage removed the case to this Court. Docket No. 1. Within a month after removal, CitiMortgage moved to dismiss. Docket No. 3.

Four days later, on October 7, 2013, Ms. Boyce, through counsel, filed her first amended complaint and filed a motion to remand. Docket Nos. 7 & 9.

The first amended complaint dramatically expands the facts and basis for recovery. Ms. Boyce's state-court petition simply asserted that CitiMortgage scheduled the Property for a foreclosure sale while a short sale was pending. Pet., Docket No. 1-1 ¶ 6. Ms. Boyce's first amended complaint, however, asserts additional claims against CitiMortgage, and importantly a claim against Ms. Martin for negligently selling the Property while Ms. Boyce was making short sale arrangements and without providing notice of the foreclosure sale. First Am. Compl., Docket No. 9 ¶ 20. Additionally, the second amended complaint clarifies that Ms. Boyce complains that the notice of foreclosure sale was sent to Ms. Boyce only, and not also to Mr. Boyce. Second Am. Compl., Docket No. 16 ¶ 4. The Court will now focus on these additional facts, which it finds assert a viable negligence claim against Ms. Martin.[4]

### a. Negligence Claim Against a Foreclosure Trustee

"Negligence actions in Texas require a legal duty owed by one person to another, a breach of that duty, and damages proximately caused by the breach." *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). "The existence of a duty is a question of law." *Id.* In Texas, a trustee under a deed of trust has a duty to "act with absolute impartiality and fairness" to both the mortgagor and mortgagee. *Hammonds v. Holmes*, 559 S.W.2d 345, 347 (Tex. 1977); *see Myrad Properties, Inc. v. LaSalle Bank Nat. Ass'n*, 300 S.W.3d 746, 751 (Tex. 2009) (affirming that the trustee's duty runs to both the mortgagor and mortgagee). "The trustee in making the sale, and during the time the property is under the hammer, is expected to protect

---

[4] The Court will not consider Ms. Boyce's other claims against Ms. Martin for intentional infliction of emotional distress and violations of the Texas Deceptive Trade Practices Act. Since Ms. Boyce asserts, at a minimum, one viable claim against Ms. Martin, and because of the other factors discussed below, the Court finds that the primary purpose of Ms. Boyce's amendment is not to defeat jurisdiction.

the interests of the grantor, to see that no fraud is practiced detrimental to his interests, and that no improper bid is accepted, and that the property is not knocked off without giving fair opportunity for it to bring its reasonable value." *Fuller v. O'Neal*, 6 S.W. 181, 181 (Tex. 1887); *see Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 768 (Tex. 1983) ("Compliance with the notice condition contained in the deed of trust and as prescribed by law is a prerequisite to the right of the trustee to make the sale.")

Construing Ms. Boyce's claim broadly, she alleges that Ms. Martin breached her duty of absolute impartiality and fairness.[5]  She asserts that CitiMortgage did not serve both Mr. and Ms. Boyce the required notice of the foreclosure sale. *See* TEX. PROP. CODE. § 51.002(b) (requiring notice of sale be served on each debtor who, according to the records of the mortgage servicer, is obligated to pay the debt); First Am. Compl., Docket No. 9 ¶ 12; Second Am. Compl., Docket No. 16 ¶ 23; *Id.* ¶ 10 (stating that Mr. Boyce remained on the loan documents after the Boyces divorced).  Ms. Boyce asserts that Ms. Martin should have refused to conduct the foreclosure sale since she did not provide both Mr. and Ms. Boyce notice of sale or obtain proof that both Mr. and Ms. Boyce had been served with notice as required by statute.[6]

Ms. Boyce has provided the Court with a copy of the trustee's deed and affidavit of completed foreclosure sale. Mot. to Remand, Docket No. 7, Ex. B.  These documents have been filed in the Official Public Records of Bexar County, Texas.  Ms. Martin has provided the Court with a copy of the deed of trust. Mot. to Dismiss, Docket No. 31-1.  This document too has been filed with Bexar County.   Ms. Boyce, Ms. Martin, and CitiMortgage do not dispute the

---

[5] Ms. Boyce states that "[Ms. Martin] owed her a duty to provide notice of the foreclosure sale." First Am. Compl., Docket No. 9 ¶ 20.  While Ms. Boyce does not use the term "duty of absolute impartiality and fairness," the Court reads Ms. Boyce's first amended complaint broadly as asserting a breach of this duty.
[6] Again, the Court construes Ms. Boyce's allegations broadly.  In her first amended complaint Ms. Boyce asserts that Ms. Martin acted negligently; Ms. Boyce does not reference the statutory notice requirements.  By her third amended complaint, however, she references both the Texas Property Code and state-court decisions interpreting the Property Code. Third Am. Compl., Docket No. 22 ¶ 37.

authenticity of these documents.   Therefore, the Court will consider these documents in determining whether Ms. Boyce states a viable claim for Ms. Martin's breach of her duty of absolute impartiality and fairness as a foreclosure trustee. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (stating that a court may take judicial notice of matters of public record); *cf. Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (holding that when deciding a motion to dismiss a court may consider documents incorporated into the complaint by reference).

Considering the allegations and the evidence in the record, the Court finds that Ms. Boyce does not state a viable claim against Ms. Martin for negligence when she asserts that Ms. Martin should not have conducted the foreclosure sale when she did not give notice of the sale to Mr. or Ms. Boyce.  Ms. Boyce's deed of trust states that the lender or the trustee must give notice of the foreclosure sale. Deed of Trust, Docket No. 31-1 ¶ 22.  Thus, the deed of trust does not impart on Ms. Martin the exclusive duty of serving notice; CitiMortgage could have served notice.

Nevertheless, the Texas Property Code requires that mortgage borrowers be given notice before a sale. TEX. PROP. CODE. § 51.002(b).  Ms. Martin could be liable for breaching her duty of absolute impartiality and fairness to Ms. Boyce if she conducted the foreclosure sale without ensuring that both Mr. and Ms. Boyce were notified of the sale. *See Sanchez v. Bank of America, N.A.*, SA-13-CV-87-HLH, at 2–3 (W.D. Tex. Mar. 19, 2013) (allowing a claim for negligence against a trustee where the borrowers alleged that they were not served with notice of the foreclosure sale); *Magers v. Bank of Am., N.A.*, EP-12-CV-00368-DCG, 2013 WL 705545, *6 (W.D. Tex. Feb. 26, 2013) (allowing a claim for wrongful foreclosure against a trustee where a

14

debtor alleged that she was not served with notice of a foreclosure sale); *Johnson v. Ocwen Loan Servicing, LLC*, CIV.A. C-09-47, 2009 WL 2215103, at * 3 (S.D. Tex. July 22, 2009) (allowing a claim for breach of duty against a trustee when the borrower alleged that he had not been served with notice of the foreclosure sale).

   Here, nothing in the record contradicts Ms. Boyce's assertion that Ms. Martin did not ensure that both Mr. and Ms. Boyce were served with notice of the sale before Ms. Martin conducted the sale.  The Texas Property Code provides, "A trustee shall not be liable for any good faith error resulting from reliance on any information in law or fact provided by the mortgagor or mortgagee or their respective attorney, agent, or representative or other third party." *See* TEX. PROP. CODE. § 51.007(f).  Thus, even if Mr. Boyce were never served, Ms. Martin could avoid liability by having relied on CitiMortgage's representations that Mr. Boyce was served; however, nothing in the allegations, arguments, or exhibits attached to the various motions state or show that Mr. Martin relied on information provided by CitiMortgage when representing that Mr. Boyce had been served with notice of the sale.  The closest thing to such evidence in the record is an "affidavit of completed foreclosure sale," signed the day after the sale by an attorney for CitiMortgage, stating, "On behalf of the Current Mortgagee, and Mortgage Servicer, and Substitute Trustee(s), Buckley served a Notice of Acceleration and Notice of Trustee's Sale on every debtor obligated on the debt, in strict compliance with the Texas Property Code, by certified mail at least twenty-one (21) days prior to the date therein specified for sale at the last known address of each such debtor according to the records of the Mortgage Servicer." Affidavit of Completed Foreclosure, Docket No. 7, Ex. B.  This affidavit, however, does not state that CitiMortgage informed Ms. Martin of proper service of the

foreclosure sale notices before she conducted the sale.  Likewise, the trustee's deed, signed by Ms. Martin, states, "Notice of Acceleration and of Trustee's Sale was mailed to all debtors obligated on the debt, filed with the County Clerk and posted at the Courthouse door (and in two other public places if required) of Bexar County, Texas at least twenty-one days prior to the date of the sale indicated above." Trustee's Deed, Docket No. 7, Ex. B.  The trustee's deed also lists both Mr. and Ms. Boyce as debtors. *Id.*   However, neither CitiMortgage nor Ms. Martin explain, in briefing or otherwise, how Ms. Martin obtained knowledge that both Mr. and Ms. Boyce were actually served.

CitiMortgage attempts to avoid the issue of Ms. Martin's actions and knowledge before the sale by arguing that Ms. Martin acted only in her capacity as substitute trustee and that she should not be liable for any errors that CitiMortgage may have committed in the foreclosure process. Mot. to Strike, Docket No. 29 at 8.  While often this is a valid argument, here, Ms. Martin is sued precisely because she had a duty as foreclosure trustee and was allegedly negligent in fulfilling that duty. *See Sanchez*, SA-13-CV-87-HLH, at 2–3 ("[T]he status of a substitute trustee [as a properly or improperly joined defendant] hinges on the nature of the actions allegedly taken by the trustee"); *cf. Eisenberg v. Deutsche Bank Trust Co. Americas*, SA-11-CV-384-XR, 2011 WL 2636135 (W.D. Tex. July 5, 2011) (finding that a trustee was only a nominal party and her inclusion did not defeat jurisdiction, where the trustee was named solely to prevent foreclosure, no foreclosure sale had occurred, and the plaintiffs did not allege any defects in notice or bad faith by the trustee).

Since the record does not contradict or otherwise undermine Ms. Boyce's allegations, and since Ms. Boyce alleges negligence in Ms. Martin's conduct as foreclosure trustee, Ms. Boyce asserts a viable claim against Ms. Martin.

### b. Other Factors Showing the Purpose of the Amendment

Finding that Ms. Boyce states a valid claim against Ms. Martin in her first amended complaint, the court now considers other facts which tend to show whether Ms. Boyce amended primarily to defeat jurisdiction.  First, the Court is unsure whether Ms. Boyce knew or should have known that Ms. Martin could be liable for negligence when Ms. Boyce filed her state-court petition.  While Ms. Boyce should have known that her home was sold on August 6, 2013 by Ms. Martin as substitute trustee, she may not have known that Mr. Boyce did not receive notice since she was divorced from him at the time filing.  Next, the record is clear that Ms. Boyce filed her amendment soon after removal; however, this does not necessarily mean that Ms. Boyce amended primarily to defeat jurisdiction.  Ms. Boyce likely would have amended regardless when she obtained counsel, which she did soon after removal.  Finally, Ms. Boyce had not moved to remand before filing her first amended complaint; she moved to remand after attempting to add a non-diverse defendant, sued on a viable claim.  Thus, considering the viability of Ms. Boyce's claim against Ms. Martin and the inconclusive other factors, the Court concludes that Ms. Boyce does not seek to add Ms. Martin as a non-diverse defendant primarily to defeat diversity jurisdiction.

### 2. Whether the Plaintiff Has Been Dilatory in Asking for the Amendment

Next, the Court considers the second *Hensgens* factor of whether Ms. Boyce has been dilatory in asking for her amendment.  Generally a plaintiff is not dilatory in seeking to amend a

complaint "when no trial or pre-trial dates [have been] scheduled and no significant activity beyond the pleading stage has occurred." *Herzog v. Johns Manville Products Corp.,* No. Civ. A. 02–1110, 2002 U.S. Dist. LEXIS 22187, 2002 WL 31556352, at *2 (E.D. La. Nov. 15, 2002); *Smith v. Robin Am., Inc.*, CIV.A. H-08-3565, 2009 WL 2485589 (S.D. Tex. Aug. 7, 2009). Here, no scheduling order had been entered when Ms. Boyce sought to amend to add Ms. Martin, and Ms. Boyce sought to add Ms. Martin soon after she obtained counsel.  Nevertheless, where a plaintiff's true motive in seeking to add a defendant is to defeat jurisdiction, speed is not terribly relevant. *See Adey/Vandling, Ltd. v. Am. First Ins. Co.*, A-11-CV-1007-LY, 2012 WL 534838, at *4 (W.D. Tex. Feb. 17, 2012).  Here, however, as has been discussed, Ms. Boyce's motive was not primarily to defeat jurisdiction.  Thus, Ms. Boyce's speed in attempting to add Ms. Martin as a non-diverse defendant weighs in favor of allowing her addition.

### 3. Whether the Plaintiff Will Be Significantly Injured if Amendment Is Not Allowed

The third *Hensgens* factor looks to whether a plaintiff will be significantly injured if amendment is not allowed.  When considering this factor, courts look to "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Loewe v. Singh*, Civ. A. No. H-10-1811, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010).  Courts also look to "whether the plaintiff will be forced to litigate their action against the non-diverse defendants in a different court system, on a different timetable, subject to different procedural rules and conflicting results, and under the weight of additional financial burden." *Adey/Vandling*, 2012 WL 534838, at *4.  Ms. Boyce could likely obtain full relief from CitiMortgage alone since CitiMortgage purchased the Property at the foreclosure sale and Ms. Boyce seeks rescission of the sale. *See* Trustee's Deed, Docket No. 7, Ex. B.  She also seeks money damages on claims for which both

18

CitiMortgage and Ms. Martin are defendants.  Therefore, the Court finds that the third factor does not weigh in favor of adding Ms. Martin as a non-diverse defendant.  Nevertheless, the Court will grant Ms. Boyce leave to amend her complaint to add Ms. Martin as a non-diverse defendant since the four factors considered together weigh in favor of amendment.

### 4. Any Other Factor Bearing on the Equities

Finally, the Court considers any other factors bearing on the equities.  Here, the Court notes that Ms. Boyce filed her petition *pro se* in state court.  When the petition was removed to federal court and faced dismissal, Ms. Boyce hired a lawyer, who diligently amended the complaint.  When considering a motion to dismiss, the Fifth Circuit has instructed lower courts to hold a *pro se* plaintiff's complaint to a "less stringent standard" and to grant leave to amend in most instances. *Frazier v. Wells Fargo Bank, N.A.*, — F. App'x —, 2013 WL 5513987, at *1 (5th Cir. Oct. 7, 2013); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

### VI. Conclusion

Having considered the relevant factors, the Court finds that together they weigh in favor of granting Plaintiff Angelica Reyes Boyce leave to add Deborah Martin, as a non-diverse defendant.  Accordingly it is ORDERED that Plaintiff is granted leave to file her first amended complaint (docket no. 9).  Where a court permits the amendment of a plaintiff's pleadings to add a non-diverse defendant, thereby destroying diversity, the court must then remand the action to state court. 28 U.S.C. § 1447(e); *Hensgens*, 833 F.2d at 1182.  Accordingly, the Clerk is directed to REMAND this case to state court and to close the case.

It is so ORDERED.

SIGNED this 22nd day of January, 2014.

19

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE